IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

GIRASOL MARTINEZ,

    Plaintiff,                                                       CASE NO.

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

    Defendant.

_____/

## NOTICE OF REMOVAL

Please take notice that Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum Life"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes this civil action from the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

1.    Unum Life has been sued in a civil action styled *Girasol Martinez v. Unum Life Insurance Company of America*, which was originally filed in the Circuit Court in and for Broward County, Florida, bearing Case No. CACE22009757, on or about July 5, 2022.

2.    The Complaint alleges that the plans issued through Unum Life provided "short-term and long-term disability benefits at the end of the elimination period of 14 days and 26 weeks, respectively, and promise to pay if the employee is disabled," and that this action "is brought . . . to recover disability benefits due MARTINEZ under the terms of Short Term and Long Term ERISA Plans (THE PLANS), to enforce her rights under THE PLAN[S] and to clarify

her right to future disability benefits under the Long Term PLAN." *Complaint*, ¶¶ 1, 8. Martinez avers that she is "only in possession of the Short Term Plan Summary." *Id.* at ¶ 6

3.     On July 12, 2022, by electronic delivery through the Chief Financial Officer of the State of Florida, Unum Life was served with the Summons and Complaint. True and correct copies of the state court pleadings and state court docket sheet are attached to this notice as **Removal Exhibits 1 and 2**. A true and correct copy of the Notice of Service of Process is attached as **Removal Exhibit 3**. The attached exhibits comprise all process and pleadings served upon Unum Life in this action.

4.     This removal is timely made within one year of the commencement of suit and within 30 days of service of process of the initial pleadings on Unum Life on which the aforesaid action is based pursuant to Fed.R.Civ.P. 6(a) and 28 U.S.C. § 1446(b).

### Federal Question Jurisdiction (28 U.S.C. § 1331)

5.     If the federal district courts have original jurisdiction of a civil action brought in a state court, that action may be removed by the defendant to the federal district court for the district and division where the action is pending. 28 U.S.C. § 1441. Federal question jurisdiction is based on 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.     This Court has original jurisdiction under 28 U.S.C. § 1331 because Martinez brings this action to recover benefits under the terms of plans governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*. The benefits at issue derive from a group insurance policy issued to Baptist Health South Florida, Inc. ("Baptist Health"), the policyholder. A true and correct copy of the group policy is attached as **Removal Exhibit 4**.

7. The group policy states it is delivered in and is governed by the laws of the governing jurisdiction and to the extent applicable "by the Employee Retirement Income Security Act of 1974 (ERISA) and any amendments." **See Removal Exhibit 4 at pp. 2, 13.** Eligible employees receive certificates of coverage that set forth the coverage for which they may be entitled if they elect to participate in the employee benefit plan sponsored by Baptist Health ("Baptist Health Plan"). Plan participants do not receive personal individual insurance policies. The group policy sets forth the terms of coverage, including the summary plan description forming the insured long-term disability ("LTD") benefits component of the Baptist Health Plan. *Id.* **at 44.**

8. ERISA provides a "comprehensive remedial scheme" for the denial of employee benefits, including LTD benefits under an insured disability plan. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F. 3d 1207, 2012 (11th Cir. 1999). ERISA's preemptive authority sweeps broadly to preclude the application of state law (statutory or decisional) that would undercut the uniform implementation of ERISA's text or its attendant case law. *See Egelhoff v. Egelhoff*, 532 U.S. 141, 121 S.Ct. 1322 (2001). The right to challenge the denial or termination of LTD benefits under the TeamHealth Plan is limited to a civil enforcement action brought pursuant to ERISA, § 502(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B).

9. The jurisdictional subsection of ERISA's civil enforcement provision expressly confers federal jurisdiction: "The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section if any action." 29 U.S.C. § 1132(f). Consequently, any "cause[] of action within the scope of the civil enforcement provisions of § 502(a) [is] removable to federal court." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d

1337, 1344 (11th Cir. 2009) (citations omitted). Accordingly, the federal district court has federal question jurisdiction in this matter.

10. Unum Life has served Martinez with written notice of this removal and has filed a copy of this notice with the Clerk of the Circuit Court in and for Broward County, Florida.

WHEREFORE, Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA respectfully requests that this civil action be entered upon the docket of the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

                                                  */s/ William Jeremiah Tolton, III*
WILLIAM JEREMIAH TOLTON, III, ESQUIRE
Florida Bar Number: 887943
Primary: jtolton@kilmerlaw.com
Secondary: llhommedieu@kilmerlaw.com
KILMER, VOORHEES & LAURICK, PC
2701 NW Vaughn Street, Suite 780
Portland, OR 97210
(503) 224-0055 Telephone
(503) 222-5290 Facsimile

Attorneys for Defendant
Unum Life Insurance Company of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of August, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to Martin J. Sperry, Esq., Martin J. Sperry, P.A., 3860 W. Commercial Blvd., Ft. Lauderdale, FL 33309, msperry@msperrrylawfirm.com, ssklaw@aol.com, lcolman@msperrylawfirm.com.

        */s/ William Jeremiah Tolton, III*
WILLIAM JEREMIAH TOLTON, III, ESQUIRE
Florida Bar Number: 887943
Primary: jtolton@kilmerlaw.com
Secondary: llhommedieu@kilmerlaw.com
KILMER, VOORHEES & LAURICK, PC
2701 NW Vaughn Street, Suite 780
Portland, OR 97210
(503) 224-0055 Telephone
(503) 222-5290 Facsimile

Attorneys for Defendant
Unum Life Insurance Company of America

M:\10126\0114\Pleadings\Notice of Removal 2022-0801.docx